The document below is hereby signed.

Signed: August 15, 2019



*S. Martin Teel, Jr.*
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| CLIFFORD J WISE, | ) | Case No. 19-00396 |
| | ) | (Chapter 13) |
| Debtor. | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter |

MEMORANDUM DECISION AND ORDER
DENYING MOTION TO RECONSIDER DISMISSAL

The debtor has filed a document (Dkt. No. 24) wherein the debtor asks to have his case reopened, but in reality, the debtor is requesting that the court reconsider the *Order Dismissing Case* (Dkt. No. 20). The motion will be denied.

The debtor initiated this case by filing a voluntary petition under chapter 13 of the Bankruptcy Code on June 18, 2019. The debtor did not include a certificate of credit counseling with the petition. The court entered an *Order to Show Cause Due to Failure to File Pre-petition Date Credit Counseling Certificate* (Dkt. No. 19) on July 3, 2019, directing the debtor to file within seven days of the entry of that order his certificate of credit counseling or show cause why his case ought not be dismissed. The debtor failed to respond to that order,

and on July 12, 2019, the case was dismissed.

The debtor contends in his motion to reconsider that he took the credit counseling course on June 20, 2019, and sent a copy of the certificate to the court and the trustee. He attached the certificate of credit counseling with his motion to reconsider. The court did not receive the debtor's certificate of credit counseling on June 20, 2019, or anytime before the debtor's filing of his motion to reconsider.

Under 11 U.S.C. § 109(h)(1), a person may not be a debtor if that person has not received a certificate of credit counseling within 180 days prior to the filing of a case in bankruptcy. The debtor obtained credit counseling on June 20, 2019, two days after the debtor had filed the petition on June 18, 2019. The debtor does not assert an exception to § 109(h)(1), and therefore has not shown a reason to reopen this case. The debtor does not qualify to be a debtor under § 109(h)(1) in this case now closed, and must file a new case, if the debtor wishes to continue a case in bankruptcy.

The debtor's motion is styled as a motion to reopen the case. Motions to reopen a case under chapter 13 of the Bankruptcy Code require a filing fee of $235. However, as already indicated, the debtor is really seeking a motion to reconsider the dismissal. Accordingly, the debtor is not required to pay the reopening filing fee.

It is thus

ORDERED that the debtor's motion to reconsider (Dkt. No. 24) is DENIED.  It is further

ORDERED that the debtor is not required to pay the fee associated with a motion to reopen the case.

[Signed and dated above.]

Copies to: Debtor; recipients of e-notifications of filings.